# EXHIBIT 3

## Sanocki, Kristen E.

| | |
|---|---|
| **From:** | Sanocki, Kristen E. |
| **Sent:** | Monday, June 9, 2025 3:32 PM |
| **To:** | Megan Dubatowka |
| **Cc:** | Rose, Brigitte R.; Yonaton Aronoff |
| **Subject:** | RE: Spectrum Management Holding Company, LLC v. IV, Media, LLC 25-2905 |

Megan,

We do not consent to a voluntary dismissal.

Subject matter jurisdiction in this case turns on the citizenship of each member of Simplify Inventions, LLC. For purposes of diversity jurisdiction, an LLC assumes the citizenship of all its members, including the members of any entity-members, traced through to individuals or corporations. Your corporate disclosure statement does not identify those members.

We have independently researched Defendant's corporate structure and have not identified any member whose citizenship destroys diversity. Nor, despite asserting a "clear and incurable" defect, has Defendant.

Plaintiff therefore opposes your proposed motion to dismiss.

Regards,
Kristen

**Kristen E. Sanocki**
ksanocki@thompsoncoburn.com
P: 314 552 6172
F: 314 552 7000
M: 314.602.6172

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO 63101
www.thompsoncoburn.com

**From:** Megan Dubatowka <mdubatowka@hs-law.com>
**Sent:** Monday, June 9, 2025 9:11 AM
**To:** Sanocki, Kristen E. <KSanocki@thompsoncoburn.com>
**Cc:** Rose, Brigitte R. <BRose@thompsoncoburn.com>; Yonaton Aronoff <yaronoff@hs-law.com>
**Subject:** Re: Spectrum Management Holding Company, LLC v. IV, Media, LLC 25-2905

**RECEIVED FROM EXTERNAL SENDER - USE CAUTION**

Kristen,

Please advise whether Plaintiff will voluntarily dismiss this action without prejudice to refiling in state court. If we do not receive confirmation of Plaintiff's consent by 5:00 PM today, we will proceed with filing a letter motion requesting a pre-motion conference regarding Defendant's anticipated motion to dismiss for lack of subject matter jurisdiction, in accordance with Judge Failla's Individual Rules of Practice.

Judge Failla's rules also require us to indicate whether Plaintiff consents to the proposed motion. If Plaintiff does not agree to voluntarily dismiss the case, please provide Plaintiff's position on Defendant's request to move to dismiss for lack of subject matter jurisdiction.

As I mentioned during our conversation last week, we raised the issue of Defendant's citizenship promptly upon discovering it. We were surprised by your resistance to our proposal for a voluntary dismissal without prejudice and your request for further disclosure, despite the clear and incurable jurisdictional defect. After careful consideration, we have concluded that no further disclosure is required under the law.

Please let us know Plaintiff's position.

Thank you,

Megan

**Megan Dubatowka**
Partner
**Harris St. Laurent & Wechsler LLP**
40 Wall Street, 53rd Floor
New York, NY 10005
(m) 845-728-5148
mdubatowka@hs-law.com | www.hs-law.com

---

**From:** Sanocki, Kristen E. <KSanocki@thompsoncoburn.com>
**Date:** Friday, June 6, 2025 at 8:39 PM
**To:** Megan Dubatowka <mdubatowka@hs-law.com>
**Cc:** Rose, Brigitte R. <BRose@thompsoncoburn.com>, Yonaton Aronoff <yaronoff@hs-law.com>
**Subject:** Re: Spectrum Management Holding Company, LLC v. IV, Media, LLC 25-2905

**[External Email]**

Megan,

We are discussing with our client. That said, the pattern of raising new issues or requests at the eleventh hour continues to create unnecessary difficulties—particularly in situations like this, where you had two months post-filing to bring the matter to our attention but waited until the day your answer was due to first raise it.

You have now had several days since Tuesday to follow up, and instead, we received an email late on a Friday afternoon.

We will be in touch after we've conferred with our client.


Kristen E. Sanocki
ksanocki@thompsoncoburn.com
P: 314.552.6172

F: 314.552.7000
M: 314.602.6172

Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63101
www.thompsoncoburn.com

On Jun 6, 2025, at 4:21 PM, Megan Dubatowka <mdubatowka@hs-law.com> wrote:

**RECEIVED FROM EXTERNAL SENDER - USE CAUTION**

Kristen,

ShopHQ declines Plaintiff's request to revise its disclosure statement. No further disclosure is warranted or required to resolve the issue of diversity jurisdiction. It is indisputable that diversity jurisdiction is lacking—IV Media is a citizen of Delaware because its sole member, Simplify Inventions, LLC, is registered in Delaware. That fact alone defeats diversity jurisdiction. The analysis ends there.

The cases you cited are inapplicable. They concern parties who failed to disclose whether complete diversity exists. That is not the situation here. We have fully disclosed the relevant jurisdictional facts, and those facts conclusively establish that diversity jurisdiction does not exist.

The 2022 Advisory Committee Notes to Rule 7.1 explicitly recognize that courts may limit disclosure "when a party reveals a citizenship that defeats diversity jurisdiction." See Fed. R. Civ. P. 7.1(a)(2), advisory committee's note to 2022 amendment. In *Pattern Energy Group LP v. Perillo*, Judge Rochon applied this principle, limiting disclosure where jurisdiction was already defeated by disclosed limited partners. The same reasoning applies here.

We will not engage in unnecessary, irrelevant, and invasive disclosure. The jurisdictional defect is clear and incurable.

Please confirm whether Plaintiffs will voluntarily dismiss the case without prejudice to refiling in state court. If we do not receive confirmation, we will proceed with filing a motion to dismiss on Monday and will let the Court know that we shared these facts with your client and offered to enter a stipulation of dismissal remanding the case to state court, but your client declined.

Best,

Megan

**Megan Dubatowka**
Partner
Harris St. Laurent & Wechsler LLP
40 Wall Street, 53rd Floor
New York, NY 10005

(m) 845-728-5148
mdubatowka@hs-law.com | www.hs-law.com

---

**From:** Sanocki, Kristen E. <KSanocki@thompsoncoburn.com>
**Date:** Tuesday, June 3, 2025 at 3:17 PM
**To:** Megan Dubatowka <mdubatowka@hs-law.com>
**Cc:** Rose, Brigitte R. <BRose@thompsoncoburn.com>
**Subject:** Spectrum Management Holding Company, LLC v. IV, Media, LLC 25-2905

**[External Email]**

Hi Megan,

Thanks for the call today. For the corporate disclosure statement, and to assess subject matter jurisdiction, Charter requests that the corporate disclosure statement include the members of the Simplify Inventions, LLC, down to an incorporation or individual. *See, e.g., Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) ("if either of the LLC-parties have members which are LLC's, the citizenship of the members of those LLC's must also be given"). *Accord Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 619 (2d Cir. 2019).

Please let me know if you would like to discuss further.

Thanks,
Kristen

**Kristen E. Sanocki**
ksanocki@thompsoncoburn.com
P: 314 552 6172
F: 314 552 7000
M: 314.602.6172

**Thompson Coburn LLP**
One US Bank Plaza
St. Louis, MO 63101
www.thompsoncoburn.com

---

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.

---

CONFIDENTIALITY NOTE: This message and any attachments are from a law firm. They are solely for the use of the intended recipient and may contain privileged, confidential or other legally protected information. If you are not the intended recipient, please destroy all copies without reading or disclosing their contents and notify the sender of the error by reply e-mail.